IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-MC-14-FL

| | |
|---|---|
| EVER-SEAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STEPHEN BRADLEY HALFERTY d/b/a ) | |
| Duraseal, ) | |
| ) | |
| Defendant. ) | |

This case is before the court on plaintiff's motions to withdraw reference from the bankruptcy court. (DE 1, 7). Defendant responded in opposition to the first motion and the second motion is unopposed. In this posture, the issues raised are ripe for ruling. For the following reasons, the first motion is denied, and the second motion is granted.[1]

## BACKGROUND

The instant motions to withdraw reference were filed in an adversary proceeding in the United States Bankruptcy Court for the Eastern District of North Carolina, captioned <u>Ever-Seal, Inc. v. Stephen Bradley Halferty</u>, No. 22-00050-5-DMW (E.D.N.C. Br.), (the "adversary proceeding") and submitted to this court for decision. The adversary proceeding is part of a bankruptcy case that commenced with the filing of a Chapter 13 voluntary petition by defendant on January 14, 2022, <u>In re Halferty</u>, No. 22-00101-5-DMW (E.D.N.C. Br.) (the "Chapter 13 bankruptcy case"). Because of its relevance to the instant motions, the court sets forth below a

---

[1] Also pending is a motion to withdraw as counsel for defendant (DE 9), which the court directs the clerk to terminate as moot for purposes of this miscellaneous case for the reasons stated herein.

detailed procedural history of the Chapter 13 bankruptcy case, plaintiff's claims in the adversary proceeding against defendant and a third-party, Duraseal, Inc., as well as additional litigation between the parties.

A.  The Chapter 13 Bankruptcy Case

In the Chapter 13 bankruptcy case, defendant filed a plan along with schedules and statements on February 9, 2022, identifying approximately $739,000 in assets and $1,623,000 in liabilities, as well as $15,952 in income and $19,465 in expenses. He states that he has been employed by an entity, "Duraseal," since September 2021, and he is the "Owner." (Case No. 22-00101-5-DMW Doc 14 at 21). He describes Duraseal as having a business address at his place of residence, 1132 Shadow Lake Drive, Raleigh, NC 27615, having a nature of business as "wood and concrete sealant," and being in existence since August 2021, with an "EIN" number 87-1600697. (Id. at 32.). He also provides a statement of monthly income for the period from July 2021 to December 2021, listing average net income in the amount of $9,870.16 from an entity identified as "Ever-Seal." (Id. at 46).

Defendant filed an amended Chapter 13 plan on June 7, 2022, calling for estimated payments totaling $44,500.00 to be made to the trustee over a 52 month period, (Case No. 22-00101-5-DMW Doc 60 at 1), which the bankruptcy court confirmed by order entered December 9, 2022. On January 10, 2023, defendant responded to the trustee's motion to dismiss for failure to make plan payments, and the court has scheduled hearing on the motion for March 1, 2023. On February 7, 2023, Capital One Auto Finance filed a motion for relief from stay or in the alternative motion for adequate protection. In the meantime, during pendency of the Chapter 13 bankruptcy case, claims in the adversary proceeding and additional litigation proceeded as follows.

B.      Claims against Defendant and Counterclaim by Defendant

Plaintiff filed a complaint against defendant in the adversary proceeding on March 17, 2022, asserting claims for breach of contract and intentional interference with business relations, arising out of defendant's alleged breach of a confidentiality agreement including a non-compete clause (the "confidentiality agreement"), executed while defendant was an employee with plaintiff. In particular, plaintiff alleges that defendant was employed by plaintiff from between May 2020 and November 2021 in the capacity of an "estimator" then "sales manager" for sealing work for customers in and around Raleigh. (Compl., No. 22-0050-5-DMW Doc. 1 ¶¶22-31). Plaintiff alleges that defendant, in violation of the confidentiality agreement, started a business under the name "Duraseal" around June 2021 in competition with plaintiff. (Id. ¶¶ 48-49). Plaintiff alleges that defendant continues to operate Duraseal in violation of the confidentiality agreement and in interference with plaintiff's customer and employee relationships. Plaintiff seeks injunctive relief prohibiting defendant from such conduct and "post-petition damages," specifically pertaining to the time period after defendant filed his Chapter 13 petition, on January 14, 2022. (Id. at p. 19).

Defendant filed an answer and counterclaim on May 2, 2022 (the "counterclaim"), denying any violation of the confidentiality agreement, and asserting, inter alia, that "the restrictions are unreasonable and unenforceable as to geographic, subject matter and temporal scope." (Answer, No. 22-0050-5-DMW Doc. 21 at 2). In the counterclaim, defendant asserts that plaintiff owes defendant $49,124.31, for "sales activity that he both generated and oversaw" for defendant, citing earnings from 2020 and 2021. (Id. at 4).

The bankruptcy court entered a scheduling order June 28, 2022, setting a deadline for discovery to be completed September 30, 2022. Shortly thereafter, however, defendant filed the

3

instant motion seeking to withdraw the reference of the adversary proceeding to this court. Defendant then filed a response in opposition. The bankruptcy court then entered an amended scheduling order, setting an April 7, 2023, discovery deadline, and April 21, 2023, motions deadline. On January 11, 2023, counsel for defendant in the adversary proceeding filed a motion to withdraw as attorney, which the bankruptcy court granted February 3, 2023.

In the meantime, on October 26, 2022, upon joint motion of the parties, the bankruptcy court consolidated into the adversary proceeding a separate case that plaintiff had originally commenced in the United States District Court for the Middle District of Tennessee (the "Tennessee district court"), against Duraseal, Inc., a corporation allegedly established by defendant in 2021 (hereinafter, the "claims against Duraseal, Inc."). The court describes in the next section the procedural history of plaintiff's claims against Duraseal, Inc., before and after that consolidation.

C.   Claims against Duraseal, Inc.

Plaintiff first asserted claims against Duraseal, Inc., in the Tennessee district court, in complaint filed May 18, 2022, asserting breach of contract and intentional interference with business relations claims, based on allegations that DuraSeal, Inc., caused defendant to breach the confidentiality agreement with plaintiff and interfere with plaintiff's customer and employee relationships. Plaintiff seeks injunctive relief and damages for competitive conduct by Duraseal, Inc., from June 2021 to present.

The Tennessee district court entered a temporary restraining order, and then a preliminary injunction on June 10, 2022, prohibiting Duraseal, Inc., from, inter alia, "[c]ompeting on projects directly with" plaintiff; "[u]sing marketing materials that are derived from the ones used by [plaintiff] or its current or former agents, including [defendant]"; "[u]sing the same products and

4

vendors" as plaintiff, including its sealing product "Seal-It"; or "[u]sing the services of" any current or former employee of plaintiff who worked with plaintiff within the past two years. (Case No. 3:22-CV-365 (M.D.Tenn.) Doc. 34 at 2-3).

On defendant's motion, the Tennessee district court transferred the case on August 23, 2022, to the bankruptcy court for the Eastern District of North Carolina, on the basis that venue is proper there and the Tennessee district court lacked personal jurisdiction over Duraseal, Inc. (Id. Doc. 62 at 20, 24). After plaintiff's claims against Duraseal, Inc., were consolidated by the bankruptcy court into the adversary proceeding, plaintiff filed the instant second motion to withdraw reference, specifically pertaining to its claims against Duraseal, Inc. No response has been filed, and the instant motion was docketed in this court on January 9, 2023.

D.      Tennessee Action against Defendant

In another separate action bearing on the instant motions, plaintiff filed in Tennessee district court, on February 8, 2022, an action against defendant asserting claims for breach of contract and intentional interference with business relations, based upon defendant's competitive conduct, including from June 2021 to present. (See Case No. 3:22-CV-82 (M.D. Tenn.) Doc. 1 ¶¶ 42-43) (the "Tennessee action"). The Tennessee district court entered a temporary restraining order on terms similar to that entered in the DuraSeal, Inc. action. (See id., Doc. 12 at 17). The Tennessee district court, however, stayed the Tennessee action, and denied without prejudice a motion for preliminary injunction then pending, upon receiving notice of the Chapter 13 bankruptcy case. The Tennessee action remains stayed.

**COURT'S DISCUSSION**

Section 157 of Title 28 of the United States Code provides for referral to a bankruptcy judge of proceedings "arising under" the Bankruptcy Code (Title 11 of the United States Code),

5

or "arising in or related to a case" under the Bankruptcy Code. 28 U.S.C. § 157(a). This court has referred generally all such proceedings to the bankruptcy court by standing order entered August 3, 1984. See 84-PLR-4. However, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

Although the United States Court of Appeals for the Fourth Circuit has not enumerated factors bearing on permissive withdraw, several other courts of appeals have done so, along with district courts within this circuit. In particular, in determining whether a party has shown "cause" for permissive withdrawal, courts consider factors including:

(1) whether the proceeding is core or non-core,

(2) uniformity in the administration of bankruptcy proceedings,

(3) expediting the bankruptcy process and promoting judicial economy,

(4) efficient use of the resources of the debtor and creditors,

(5) reduction of forum shopping, and

(6) the preservation of the right to a trial by a jury.

Nehme v. El Khoury, 610 B.R. 247, 252 (E.D.N.C. 2019) (quoting In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993); In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990); Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985); Security Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999 (9th Cir. 1997)).

Generally addressing the standard for withdraw of reference, the Fourth Circuit has recognized that even though "bankruptcy judges are not authorized to conduct jury trials does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery,

conducting pre-trial conferences, and other matters short of the jury selection and trial." In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993). "The decision whether or not to withdraw the referral immediately is frequently more a pragmatic question of efficient case administration than a strictly legal decision." Id. (quoting Travelers Ins. Co. v. Goldberg, 135 B.R. 788, 792 (D.Md.1992)). "This type of pragmatic decision is best left to the district court." Id.

A.  Plaintiff's Claims Against Duraseal, Inc.

The court begins with plaintiff's second motion to withdraw reference regarding claims against Duraseal, Inc., because this motion presents the strongest case for withdrawal of reference, and no response in opposition has been filed.

The first factor weighs in favor of withdrawal because not only are plaintiff's claims against Duraseal, Inc. non-core claims, but also they are against an entity that is a "stranger[] to the bankruptcy action." In re Apex Exp. Corp., 190 F.3d 624, 631 (4th Cir. 1999). Duraseal, Inc., is neither a petitioner in bankruptcy nor subject to claims by creditors in the Chapter 13 bankruptcy case commenced by defendant. Plaintiff also raises substantial questions regarding the bankruptcy court's jurisdiction over the claims against Duraseal, Inc., where nothing in the present record demonstrates "a close nexus to the bankruptcy plan [and] proceeding sufficient to uphold bankruptcy court jurisdiction" over plaintiff's claims against Duraseal, Inc. Valley Historic Ltd. P'ship v. Bank of New York, 486 F.3d 831, 836 (4th Cir. 2007). Indeed, during the time plaintiff's claims against Duraseal, Inc., were pending in the Tennessee district court, Duraseal, Inc., asserted that defendant "has never actually used the corporate form to conduct any business," and that Duraseal, Inc., "has no employees, customers, accounts, or property and cannot truly be said to be engaged in business in any real sense." (Mem. of Law, Case No. 3:22-cv-365 (M.D. Tenn.), Doc. 42 at 2).

7

Additional factors favor withdrawal of the reference as to plaintiff's claims against Duraseal, Inc. For instance, plaintiff's claims against Duraseal, Inc., were adjudicated preliminarily in the Tennessee district court, including through obtaining a preliminary injunction, prior to transfer for lack of personal jurisdiction. While in the bankruptcy court, there has been no answer filed to the complaint against Duraseal, Inc., and the status of its representation is unclear. On November 3, 2022, the bankruptcy court granted a motion to substitute attorney, terminating prior counsel for Duraseal, Inc., and allowing Travis Sasser ("Sasser") "to be substituted in as counsel of record" for Duraseal, Inc. (See Order on Motion for Substitution of Counsel, Case No. 22-00135-5-DMW Doc. 85 (E.D.N.C. Bankr. Nov. 3, 2022)). However, the bankruptcy court granted February 3, 2023, a motion to withdraw as attorney for defendant filed by Sasser, which motion stated that "a new attorney has been retained and will enter an appearance shortly" as counsel for defendant, referencing defendant Stephen Bradley Halferty d/b/a Duraseal, but not referencing Duraseal, Inc. (See Motion to Withdraw as Counsel, Case No. 22-00101-5-DMW Doc. 43 (E.D.N.C. Bankr. Jan. 11, 2023)). Thus, it is not clear if Sasser will continue to represent Duraseal, Inc., or if any different counsel will appear on its behalf.

Due to the lack of close nexus between plaintiff's claims against Duraseal, Inc., and the Chapter 13 bankruptcy case, as well as the apparent lack of activity on the part of Duraseal, Inc., factors such as uniformity in the administration of bankruptcy proceedings, judicial economy, and efficient use of the resources of the debtor and creditors, are not implicated by plaintiff's motion to withdraw reference as to its claims against Duraseal, Inc. In contrast to plaintiff's claims against defendant, discussed in the next section, plaintiffs claims against Duraseal, Inc., "do[] not seek any relief against [defendant] or his business operations as a sole proprietor." (Pl's Mem. (DE 8) at 3). There is thus no indication based on the present record that adjudication of claims against

8

Duraseal, Inc., will impact the bankruptcy court's administration Chapter 13 bankruptcy case, either by impairing defendant's ability to complete payments under the confirmed plan or otherwise impacting the completion of that case.[2]

In sum, plaintiff has demonstrated good cause for withdrawal of the reference of its claims against Duraseal, Inc., and its second motion for such withdrawal thus is granted. Where such claims were only recently consolidated into the adversary proceeding, and where the bulk of the record pertaining to those claims remains on the docket of the Tennessee district court, the court will direct the clerk to open a new civil case in this court for plaintiff's claims against Duraseal, Inc., and to file in that new case all previous filings on the docket of the Tennessee district court case, No. 3:22-CV-365 (M.D. Tenn.), and prior filings made only in the bankruptcy court adversary proceeding, No. 22-00135-5-DMW, thereby severing plaintiff's claims against Duraseal, Inc., from plaintiff's claims against defendant remaining in adversary proceeding No. 22-00050-5-DMW, which are addressed in the next section of this order.

In the meantime, in the new action, the court on its own initiative extends the time for Duraseal, Inc., to file an answer to 21 days from the date of this order. Upon framing of the pleadings against Duraseal, Inc., if any, the court will enter such further order as is warranted with respect to case management of plaintiff's claims against Duraseal, Inc.[3]

---

[2] In the event there are additional developments indicating to the contrary in the course of adjudicating plaintiff's claims against Duraseal, Inc., the court may reconsider on its own initiative referral of plaintiff's claims against Duraseal, Inc., back to the bankruptcy court.

[3] Where the motion to withdraw as counsel was filed in the instant miscellaneous case (DE 9) and in the adversary proceeding solely on behalf of defendant, without reference to Duraseal, Inc., Sasser remains counsel of record in the new case for Duraseal, Inc., on the basis of the bankruptcy court's November 3, 2022, order. An appropriate motion will need to be filed in the event Sasser seeks to withdraw from representation of Duraseal, Inc., in the new case.

B.   Plaintiff's Claims Against Defendant

In contrast to claims against Duraseal, Inc., plaintiff has not demonstrated good cause for withdrawal of the reference of its claims against defendant, as asserted in its first motion to withdraw reference.

The court recognizes that plaintiff's claims against defendant are non-core claims, and that they must be adjudicated finally through trial by jury. Nevertheless, there are significant differences between those claims and claims against Duraseal, Inc., which weigh against withdrawal of the reference at this juncture in the Chapter 13 bankruptcy proceedings. Even though plaintiff's claims against defendant are limited to defendant's alleged post-petition conduct, litigation regarding those claims nonetheless is likely to impair defendant's ability to complete payments under the confirmed plan and otherwise impair the completion of the Chapter 13 bankruptcy case, based on information presently in the record.

For instance, in the Chapter 13 bankruptcy case, the confirmed plan requires defendant to pay to the trustee $200.00 per month for eight months, and $825.00 per month for 52 months, for total estimated payments to the trustee totaling $44,500.00. (Case No. 22-00101-5-DMW, Doc. 60 at 1-2; Doc. 73). Defendant also must maintain payments on secured claims to Capital One Auto Finance in the amount of $794.06, and to Towne Bank, in the amount of $5,201.80, monthly. In turn, defendant represented in his Chapter 13 schedules that he has been employed by an entity, "Duraseal," since September 2021, and he is the "Owner." (Case No. 22-00101-5-DMW Doc 14 at 21). Defendant describes no other source of income or employment. Therefore, where defendant's income generating activities with Duraseal are central to plaintiff's claims against defendant, litigation involving those claims is likely to impact administration of the Chapter 13 bankruptcy case.

10

In addition, the pendency of defendant's answer and counterclaim weigh against withdrawal of the reference of plaintiff's claims against defendant. With respect to the core/non-core distinction, defendant's counterclaim differs from plaintiff's claims in several respects. First, the counterclaim arises from both plaintiff's and defendant's pre-petition conduct, in that it concerns alleged earnings owned to defendant, including during the time period that defendant allegedly started competing with plaintiff. Second, the counterclaim seeks to augment the assets of the estate, and defendant argues that "[t]his dispute falls under 28 U.S.C. § 157(b)(2)(C)," (Resp. (DE 3) at 1), comprising a category of core proceedings including those "affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship." 28 U.S.C. § 157(b)(2)(C). Third, the counterclaim may require further ruling or determination by the bankruptcy court as part of administration of the confirmed plan. As the bankruptcy court already recognized in denying relief from the stay in the Tennessee action, "[j]udicial economy will best be served if this court adjudicates all matters between [plaintiff] and [defendant]." (Order Denying Motion for Relief From Stay, No. 22-00101-5-DMW, Doc. 41 at 5 (E.D.N.C. Bankr. March 25, 2022)).

The counterclaim thus is related closely to administration of the Chapter 13 bankruptcy case. Moreover, factors such as promoting judicial economy and efficient use of resources counsel in favor of maintaining the both plaintiff's claims against defendant and the counterclaim together in bankruptcy court, to the full extent permitted by 28 U.S.C. §157(c)(1). The bankruptcy court is better positioned, due to its confirmation of the plan in the Chapter 13 bankruptcy, and its administration of that case, to determine in the first instance, the issues raised in the claims and the counterclaim.

Arguments raised by plaintiff concerning uniformity, efficiency, and preservation of resources are not persuasive in light of the circumstances. For example, plaintiff cites cases for the proposition that withdrawal before the bankruptcy court has heard and determined issues in adversary proceedings promotes uniformity, efficiency, and preservation of resources, as opposed to having the bankruptcy court submit proposed findings of fact and conclusions of law. None of the cases cited by plaintiff, however, are from this district or circuit. This court and others in this circuit consistently have recognized the value of maintaining proceedings in the bankruptcy court to the full extent permitted by 28 U.S.C. § 157(c)(1), particularly where as here an adversary proceeding involves a debtor who is subject of an ongoing bankruptcy case. See, e.g., Finley Grp. v. 222 S. Church St., LLC, No. 3:15-CV-00029-FDW, 2015 WL 996631, at *4 (W.D.N.C. Mar. 6, 2015) (denying motion for withdrawal of reference and directing "bankruptcy court oversee all pre-trial matters," including issuing proposed findings of fact and conclusions of law on dispositive motions); ACC Retail Prop. Dev. & Acquisition Fund, LLC v. Bank of Am., N.A., No. 5:12-CV-361-BO, 2012 WL 8667572, at *4 (E.D.N.C. Sept. 28, 2012) (same); In re Erickson Ret. Communities, LLC, No. BR 09-37010-SG11, 2012 WL 1999493, at *4 (D. Md. June 1, 2012) ("When the Bankruptcy Court handling the adversary proceeding is also handling the bankruptcy proceeding . . . there is still significant value in having the bankruptcy court preside over preliminary legal and discovery issues in a proceeding that is related to the bankruptcy action when the dispute is but one of many actions having common issues with the bankruptcy proceeding").

In sum, the totality of the circumstances weigh against withdrawal of the reference of plaintiff's claims against defendant. While plaintiff maintains a right ultimately to a jury trial in this court, and while there is no indication of forum shopping, other factors favor address of all

issues in dispute between plaintiff and defendant by the bankruptcy court in the first instance. Therefore, plaintiff's first motion to withdraw reference must be denied.[4]

## CONCLUSION

Based on the foregoing, plaintiff's first motion to withdraw reference (DE 1) is DENIED, and plaintiff's second motion to withdraw reference (DE 7) is GRANTED. The reference to the bankruptcy court is WITHDRAWN in part for plaintiff's claims against Duraseal, Inc. Plaintiff's claims against defendant, and defendant's counterclaim against plaintiff, remain with the bankruptcy court. Accordingly, the court DIRECTS the clerk to close this miscellaneous case and to terminate the motion to withdraw counsel (DE 9) as moot.

The court DIRECTS the clerk to open a new civil case in this court for plaintiff's claims against Duraseal, Inc., and to file in that new case all filings previously docketed in the Tennessee district court case, No. 3:22-CV-365 (M.D. Tenn.), and all filings previously docketed in the bankruptcy court adversary proceeding, No. 22-00135-5-DMW (E.D.N.C. Bankr.), before entry of the instant order. In that new action, the court on its own initiative EXTENDS the time for Duraseal, Inc., to file an answer to 21 days from the date of this order. Upon framing of the pleadings against Duraseal, Inc., if any, the court will enter such further order as is warranted with respect to case management of plaintiff's claims against Duraseal, Inc.

SO ORDERED, this the 22nd day of February, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[4] Where plaintiff's first motion to withdraw reference is denied, the court finds moot, for purposes of the instant miscellaneous case, the motion to withdraw as counsel for defendant (DE 9). The identical motion in the adversary proceeding, No. 22-00050-5-DMW (Doc. 43), was granted by order entered February 3, 2023.